IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 24-cr-00088-NYW

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TAREK KASSEM,

        Defendant.

**UNOPPOSED MOTION TO EXCLUDE 180 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

The defendant, Tarek Kassem ("Mr. Kassem"), by and through undersigned counsel, David Kraut, hereby respectfully moves the Court for an Order excluding 180 days from the Speedy Trial Act computations and vacating the currently scheduled motions and response deadlines, trial preparation conference and jury trial. The government does not oppose this request.

In support of this request, Mr. Kassem states:

**FACTUAL AND PROCEDURAL HISTORY**

The government alleges that Mr. Kassem committed at least three different types of fraud between July 2020 and March 2022. Charged in Counts 1-7 of the Indictment (ECF 1), these allegations relate to the Paycheck Protection Program ("PPP"), the COVID-19 Economic Injury Disaster Loan Program ("EIDL"), and Colorado's Unemployment Insurance Program ("UI"). In addition, the government claims Mr. Kassem laundered the funds he allegedly fraudulently obtained through these programs through at least three different financial services accounts. These allegations are charged in Counts 8-10 of the Indictment.

The government filed the Indictment in this case on March 21, 2024 and the Court issued a warrant for Mr. Kassem's arrest the same day. ECF 1, 2. On March 26, 2024, Mr. Kassem was arrested and appeared for his initial advisement. ECF 4, 5. The Court also conducted the arraignment and discovery conference at that hearing. ECF 5, 8. The government did not seek detention and Mr. Kassem was released on conditions following the hearing. ECF 5, 9, 10.

On April 9, 2024, counsel received the first discovery production. The production included 33 media files and 21,279 pages of written material. Counsel has begun reviewing all discovery provided but has not yet completed that review process. Mr. Kassem has not yet had an opportunity to personally review the discovery.

## SPEEDY TRIAL CALCULATION

The speedy trial period began to run at Mr. Kassem's first appearance on March 26, 2024. Currently, the speedy trial period will expire on June 3, 2024. ECF 8. If the Court grants this motion, the speedy trial period will extend to (at least) August 12, 2024. *See* 18 U.S.C. § 3161(h)(1)(D) ("delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" shall be excluded from the speedy trial period).

## LEGAL AUTHORITY

This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C.

2

§ 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

"Before deciding whether to plead guilty, a defendant is entitled to the 'effective assistance of competent counsel.'" *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). In this context, effective representation requires "counsel's informed opinion as to what pleas should be entered." *United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir. 1997).

## ARGUMENT

Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

The ends of justice served by this requested delay either outweigh or serve the best interest of the public and Mr. Kassem. First, proceeding within the current time requirements would deny counsel for the defendant the reasonable time necessary for effective preparation, which includes the time necessary to review all discovery material with Mr. Kassem, conduct and review all results of the necessary defense investigation, and accurately advise Mr. Kassem regarding the likelihood of conviction at trial as well as the likely guideline range(s) upon conviction, and the likely sentence if convicted. Without additional time prior to the motions deadline, counsel cannot provide such advice.

Defense counsel's request for a continuance in this case also satisfies the factors set forth in *West*.

First, defense counsel has been diligent in reviewing discovery and in the timeliness of this request. Defense counsel completed a thorough review of written discovery material soon after receiving it and continues to review the audio/video recordings produced. Further, defense counsel has shown diligence in this request by making it before the scheduled jury trial and at the motions deadline.

Second, it is likely that this continuance would accomplish the underlying purpose of this request. Excluding 180 days from the requirements of the Speedy Trial Act should allow defense counsel the time to review all discovery, review defense investigation results, effectively advise Mr. Kassem regarding possible motions issues, trial defenses, and the plea negotiation process, and to present information to the government in connection with negotiations. This type of

thorough evaluation is necessary to advise Mr. Kassem as to his options and potential strategies for his defense. A 180-day continuance would allow defense counsel time to accomplish these purposes, all of which are necessary to provide Mr. Kassem with full and effective assistance of counsel.

Third, based on the government's lack of opposition to this motion, the defense asserts that the 180-day continuance sought in this matter will not prejudice the government.

The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. Without the requested continuance defense counsel will be unable to adequately advise Mr. Kassem regarding the discovery, results of defense investigation, and the possibility of resolving the case by plea agreement. Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and Mr. Kassem's right to be effectively represented in these proceedings will be seriously damaged.

## CONCLUSION

Wherefore, Mr. Kassem respectfully requests this Court for an Order vacating all current deadlines and the trial date and excluding 180 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


*s/ David Kraut*
DAVID KRAUT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: David_Kraut@fd.org
Attorney for Defendant


CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2024, I filed the foregoing *Unopposed Motion to Exclude 180 Days from the Requirements of the Speedy Trial Act* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

Nicole C. Cassidy, Assistant United States Attorney
E-mail:  Nicole.Cassidy@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Tarek Kassem (via U.S. mail)

*s/ David Kraut*
DAVID KRAUT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: David_Kraut@fd.org
Attorney for Defendant